FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 05, 2023

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN H.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:21-cv-03057-RHW <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> **ECF Nos. 13, 14, 19** |

Before the Court is the Report and Recommendation issued by Magistrate

Judge Alexander C. Ekstrom on August 17, 2023, ECF No. 19, recommending

Plaintiff's Motion for Summary Judgment, ECF No. 13, be granted and

Defendant's Motion for Summary Judgment, ECF No. 14, be denied.  Defendant

filed objections to the Report and Recommendation and Plaintiff responded.  ECF

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned

identifies them by only their first names and the initial of their last names.  *See*

LCivR 5.2(c).

ORDER - 1

1  Nos. 23, 24.  After reviewing the Report and Recommendation, the Court finds the

2  Magistrate Judge's recommendation is correct.  Therefore, the Court adopts the

3  Report and Recommendation in its entirety, albeit with the additional explanation

4  below.

5        Regarding step three, Defendant contends the ALJ did not "need to go into

6  great detail about Listing 1.04A" because Plaintiff could not establish "required

7  findings of 'atrophy with associated muscle weakness.' "  ECF No. 23 at 6.  This is

8  an inaccurate statement, as the Listing requires "motor loss (atrophy with

9  associated muscle weakness or muscle weakness) accompanied by sensory or

10  reflex loss."  20 C.F.R. Pt. 404, Subpt. P., App. 1, 1.04A (2018).  The regulations

11  further specify that "significant motor loss" may be shown by an "[i]nability to

12  walk on the heels or toes, to squat, or to arise from a squatting position."  20 C.F.R.

13  Pt. 404, Subpt. P, App. 1, 1.00E1 (2018).  The Listing therefore does not require

14  atrophy, as claimed by Defendant.  The ALJ failed to make a finding eliminating

15  any of the criteria of Listing 1.04A and did not reconcile record evidence of normal

16  muscle tone with exhibited motor loss.  *See, e.g.,* Tr. 332 (walks slowly and

17  stiffly); Tr. 344 ("rising up on his [left] toes causes shooting pain down his leg and

18  he shakes his foot involuntarily"); Tr. 366 (antalgic gait and "weight-bearing on

19  the [right] with a stiff locked out knee"); Tr. 391 (antalgic gait and inability to heel

20  or toe walk); Tr. 637 ("pain with standing deep knee bend on one leg and right leg

ORDER - 2

1    wobbles and [patient] aborts effort.").

2       The ALJ's failure to adequately explain why Plaintiff did not satisfy any of

3    the criteria for Listing 1.04A is harmful error because the Court may review only

4    "the reasons the ALJ asserts," and if the ALJ fails to specify their reasoning, "a

5    reviewing court will be unable to review those reasons meaningfully without

6    improperly 'substitut[ing] [its] conclusions for the ALJ's, or speculating as to the

7    grounds for the ALJ's conclusions.' " *Brown-Hunter v. Colvin*, 806 F.3d 487, 494

8    (9th Cir. 2015) (internal citations omitted).  The Report and Recommendation

9    properly concludes the ALJ harmfully erred at step three.

10      The Court overrules Defendant's remaining objections to the Report and

11    Recommendation.  As this case must be remanded based on the error at step three,

12    the ALJ should also reassess Plaintiff's subjective claims in light of the record as a

13    whole.  Regarding the evaluation of the medical opinions of Ms. Nelson, the ALJ

14    needs to reconsider Ms. Nelson's opinions using the factors required by the

15    regulations.  The Ninth Circuit has advised that "ALJ's should endeavor to use

16    these two terms of art – 'consistent' and 'supported' – with precision." *Woods v.*

17    *Kijakazi*, 32 F.4th 785, 793 n.4 (9th Cir. 2022).

18      Plaintiff argues his degenerative disc disease meets or equals Listing §

19    1.04A and this Court should remand for the award of benefits.  ECF No. 24 at 5.

20    The Court has considered whether the award of benefits would be appropriate here.

ORDER - 3

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Court agrees with the Report and Recommendation and finds further administrative proceedings are necessary to develop the record and resolve conflicts in the record. Upon remand, the ALJ is instructed to further develop the record by obtaining all updated treatment records and medical expert testimony. The ALJ shall reevaluate the medical evidence and obtain a consultative examination, if warranted. This is necessary particularly in light of unresolved questions regarding Plaintiff's symptom claims and whether Plaintiff met or equaled a Listing at any time during the period at issue. The ALJ is instructed to perform the sequential evaluation anew.

Accordingly, **IT IS ORDERED**:

1. Defendant's objections to the Report and Recommendation, **ECF No. 23**, are **OVERRULED**.

2. The Report and Recommendation, **ECF No. 19**, is **ADOPTED** in its entirety, with the additional explanation herein.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

ORDER - 4

The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

3. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

4. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to enter this Order, **ENTER JUDGMENT** in favor of Plaintiff, forward copies to counsel and Magistrate Judge Ekstrom, and **CLOSE THE FILE**.

DATED October 5, 2023.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

ORDER - 5